UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CLENANT NICKLES (#131849)**　　　　　　　　　　　　**CIVIL ACTION**

**VERSUS**

**BURL CAIN, ET AL.**　　　　　　　　　　　　　　　　**NO. 16-286-BAJ-RLB**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 23, 2017.

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　**RICHARD L. BOURGEOIS, JR.**
　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CLENANT NICKLES (#131849)**  **CIVIL ACTION**

**VERSUS**

**BURL CAIN, ET AL.**  **NO. 16-286-BAJ-RLB**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Dismiss (R. Doc. 10) filed on behalf of defendants, former Warden Burl Cain and Ass't Warden Stephanie Lamartiniere. This Motion is not opposed.

The *pro se* plaintiff, an inmate confined at Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against, former Warden Burl Cain, Ass't Warden Stephanie Lamartiniere, Dr. J.D. Helms, and Dr. John McCain alleging that his constitutional rights were violated when the defendants were deliberately indifferent to his serious medical needs.[1] The plaintiff seeks monetary relief.

Defendants Cain and Lamartiniere first seek dismissal on jurisdictional grounds, presumably pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, of the plaintiff's § 1983 claims against them in their official capacities. In this regard, the defendants are correct that § 1983 does not provide a federal forum for a litigant who seeks monetary damages against

---

[1] A review of the record reveals that defendants Dr. J.D. Helms and Dr. John McCain have not been served because no first name was provided for Dr. Helms and Dr. McCain is no longer an employee of the Department of Corrections. *See* R. Doc. 7. Pursuant to the requirements of Rule 4(m) of the Federal Rules of Civil Procedure, failure to serve a defendant within 90 days of commencement of an action is cause for dismissal of that defendant from the proceeding. Although a *pro se* plaintiff may rely on service by the U.S. Marshal, he may not remain silent and do nothing to effectuate such service, and should attempt to remedy any defects of which he has knowledge. The plaintiff was informed of the lack of service, and has failed to take action to direct service on these defendants. *See* R. Doc 7. It is appropriate, therefore, that the plaintiff's claims asserted against Dr. J.D. Helms and Dr. John McCain be dismissed, without prejudice, for failure of the plaintiff to effect timely service upon them.

either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983.  *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989).  In addition, in *Hafer v. Melo,* 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment.  *Id*. at 25.

Accordingly, the plaintiff's § 1983 claims asserted against defendants Cain and Lamartiniere in their official capacities for monetary damages are subject to dismissal.  In contrast, the plaintiff's § 1983 claims for monetary damages asserted against defendants Cain and Lamartiniere in their individual capacities remain viable because a claim against a state official in an individual capacity, seeking to impose personal liability for actions taken under color of state law, is not treated as a suit against the state.  *Id*. at 29.  Of course, the plaintiff must be able to prove a deprivation of his constitutional civil rights in order to obtain any entitlement to relief.

Defendants Cain and Lamartiniere next assert, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that the plaintiff has failed to state a claim upon which relief may be granted.  In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6).  Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*.  "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id*. (citation omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint, the plaintiff alleges the following. On February 9, 2015, the plaintiff was seen by Dr. Helms and informed him that he had been requesting medical treatment and medication for one year. He further informed Dr. Helms that he was having pain and stiffness in his pelvis, lower back and upper thighs. He also complained of arthritis, loss of appetite, fatigue, nausea and vomiting. Dr. Helms asked the plaintiff if he had been tested for prostate cancer, and when the plaintiff stated that he had not, Dr. Helms ordered blood and urine tests and chest x-rays.

On July 10, 2015, the plaintiff was again seen by Dr. Helms to review his test results. Dr. Helms asked the plaintiff if he had been examined by the cancer specialist that he had recommended. The plaintiff informed Dr. Helms that he had not been seen by any doctor since his prior appointment with Dr. Helms on February 9, 2015. Upon learning of his cancer diagnosis, the plaintiff asked Dr. Helms to refer him to an outside cancer specialist for surgery. Dr. Helms responded by stating that Ass't Warden Lamartiniere decides what treatment a prisoner is entitled to receive.

On September 10, 2015, the plaintiff wrote to Ass't Warden Lamartiniere concerning his medical issues. Ass't Warden Lamartiniere responded that the plaintiff's PSA was at .7, and advised the plaintiff to keep his scheduled clinic appointment and discuss his concerns with the doctor at that time. (R. Doc. 1-1 at 2). Several months later, the plaintiff's PSA level was significantly elevated.

On January 7, 2016, the plaintiff was seen by Dr. McCain, who replaced Dr. Helms. The plaintiff informed Dr. McCain of Dr. Helms' prostate cancer diagnosis and his recommendation for the plaintiff to see a cancer specialist. Dr. McCain ordered more blood tests and chest x-rays.

On March 7, 2016, the plaintiff was again seen by Dr. McCain. The plaintiff complained to Dr. McCain of abdominal pain, pain in his lower back and head, pain from arthritis, and blood in his stool. Finasteride was prescribed.

On March 15, 2016, the plaintiff wrote to Ass't Warden Lamartiniere regarding a pending grievance. The plaintiff offered to drop the grievance if he received surgical and continuing treatment.

In response to the plaintiff's allegations, defendants Cain and Lamartiniere have asserted that they are entitled to qualified immunity in connection with the plaintiff's claims.

Specifically, the defendants contend that the plaintiff has failed to make sufficient allegations of conduct on their part which rises to the level of a violation of the plaintiff's federal constitutional or statutory rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 Fed. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id.* The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id.* Undertaking the qualified immunity analysis with respect to the plaintiff's claims, the Court finds that the defendants' Motion should be granted.

The Court finds that the plaintiff has failed to allege sufficient personal involvement on the part of defendant Cain in any alleged violation of the plaintiff's constitutional rights. In order for a prison official to be found liable under § 1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Any allegation that the defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone

insufficient to state a claim under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 F. App'x. 715, 716–17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability"). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must allege that the deprivation of his constitutional rights occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law. *Lozano v. Smith*, *supra*, 718 F.2d at 768.

Applying the foregoing standard, and upon a review of the plaintiff's Complaint, it appears that the plaintiff has failed to allege that defendant Cain has undertaken any action which may be characterized as a violation of the plaintiff's constitutional rights. The plaintiff does not allege that defendant Cain was personally or directly involved in the conduct complained of, nor does the plaintiff allege that his rights were violated as a result of a subordinate's implementation of defendant Cain's affirmative wrongful policies. Rather, the plaintiff merely named Cain as a defendant. Accordingly, the plaintiff has failed to state a claim upon which relief may be granted as to defendant Cain, and he is entitled to dismissal from this proceeding.

Regarding the plaintiff's claim of deliberate indifference to his serious medical needs, in order for there to be liability in connection with a claim of deliberate medical indifference, an inmate plaintiff must allege that appropriate medical care has been denied and that the denial has constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir.1985). Whether the plaintiff has received the treatment or accommodation that he believes he should have is not the issue. *Estelle*

*v. Gamble*, *supra*. Nor do negligence, neglect, unsuccessful treatment, or even medical malpractice, give rise to a § 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991). Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 839–30 (1994). As stated in *Farmer*, to be liable on a claim of deliberate indifference, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. The deliberate indifference standard sets a very high bar: the plaintiff must be able to establish that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001), *quoting Estelle v. Gamble*, *supra*. Further, a mere delay in providing medical treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir.1993).

As to former Ass't Warden Lamartiniere, the plaintiff alleges that, when he inquired as to treatment by a cancer specialist, he was informed that Lamartiniere decides what treatment a prisoner is entitled to receive, so he wrote to her regarding his medical issues. The plaintiff further alleges that Lamartiniere responded by stating that his PSA was normal, and instructing the plaintiff to keep his clinic appointment and discuss his medical concerns with his doctor.

The plaintiff is not entitled to treatment by medical providers of his choice, *see Terrell v. Mertz*, 2015 WL 5475219, *3 (S.D. Miss. Sept. 17, 2015), nor is he entitled to the best possible medical care that may be available. *See Mayweather v. Foti*, 958 F.2d 91(5th Cir. 1992); and *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978). While the plaintiff is unhappy with his

medical care, his allegations make clear that his complaints have not been ignored and that he has been provided with treatment believed to be appropriate for his condition, including testing, medications and examinations. His allegations demonstrate only a disagreement about what medical treatment is appropriate for his condition, a claim that is not sufficient to establish an unconstitutional denial of medical care. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). In the absence of any suggestion that Lamartiniere was subjectively aware that the plaintiff was not receiving appropriate medical care or attention, he has failed to allege facts suggesting that Lamartiniere was deliberately indifferent to his serious medical needs. Accordingly, the plaintiff's Complaint fails to state a claim for deliberate indifference to his serious medical needs against defendant Lamartiniere.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that plaintiff's claims asserted against Dr. J.D. Helms and Dr. John McCain be dismissed, without prejudice, for failure of the plaintiff to effect timely service upon them. It is further recommended that the Motion to Dismiss (R. Doc. 10), filed on behalf of defendants former Warden Burl Cain and Ass't Warden Stephanie Lamartiniere, be granted, and that the plaintiff's claims against defendants Cain and Lamartiniere be dismissed, with prejudice.

Signed in Baton Rouge, Louisiana, on February 23, 2017.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**